UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| **SHERWIN P. BROWN,** ) | |
| **JAMERICA FINANCIAL, INC., and** ) | |
| **BRAWTA VENTURES LLC** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |
| _____) | |

### TEMPORARY RESTRAINING ORDER AGAINST SHERWIN P. BROWN, JAMERICA FINANCIAL, INC. AND BRAWTA VENTURES, LLC

This cause coming to be heard on Plaintiff, Securities and Exchange Commission's Emergency Motion for a Temporary Restraining Order and Other Ancillary Relief ("Motion for TRO") against Sherwin P. Brown ("Brown"), Jamerica Financial, Inc., also known as Jamerica, Inc. ("Jamerica") and Brawta Ventures, LLC ("Brawta") (collectively "Defendants"), the Court having considered the Commission's Complaint, the Motion for TRO, the Memorandum of Law submitted in support of the Motion for TRO, and the exhibits and declarations submitted in support of the Motion for TRO, and Defendants' Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and Other Relief, and Defendants' affidavit in support, and after notice given to all Defendants, and having been fully advised in the premises, and with Defendants not admitting any liability, finds that this Court has jurisdiction over the

subject matter of this case and over Defendants, and issues the following order.

## I.

## **TEMPORARY RESTRAINING ORDER**

**A.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby temporarily restrained from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act [15 U.S.C. §77q(a)(1)].

**B.**

**IT IS HEREBY FURTHER ORDERED** that Defendants, their officers, affiliates, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby temporarily restrained from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of such securities, or obtaining money or property by means of any untrue statement of a material

fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in violation of Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(2) and §77q(a)(3)].

## C.

**IT IS HEREBY FURTHER ORDERED** that Defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    (1)    employing any device, scheme or artifice to defraud;

    (2)    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (3)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act (15 U.S.C. §78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

**D.**

**IT IS HEREBY FURTHER ORDERED** that Brown and Jamerica, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, by use of the mails or any means of interstate commerce, directly or indirectly:

(1) employing any device scheme, or artifice to defraud any client or prospective client;

(2) engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client

in violation of Section 206(1) and (2) of the Advisors Act (15 U.S.C. §§ 80b-6(1) and 80b-6(2)).

**E.**

**IT IS HEREBY FURTHER ORDERED** that Brown and Jamerica, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from failing to make and keep true, accurate, and current records relating to the business of Jamerica in violation of Section 204 of the Advisers Act (15 U.S.C. § 80b-4) and Rule 204-2 thereunder (17 C.F.R. § 275.204-2).

## II.

## **ORDER FREEZING ASSETS**

**IT IS HEREBY FURTHER ORDERED** that, until the expiration of this order or otherwise ordered by the Court, and subject to the exceptions and limitations set forth below in paragraphs D through G of this section:

    A.    all funds and other assets of the Defendants are hereby frozen;

    B.    accordingly, Defendants and their officers, agents, affiliates, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby temporarily restrained from, directly or indirectly from the following:

        (1)    transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating or otherwise disposing of, or withdrawing, any assets or property, including, but not limited to, cash, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, owned by, controlled by, or in the possession of the Defendants, any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which the Defendants have signatory authority or a beneficial interest;

        (2)    transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any

manner, any funds or assets, that constitute investor funds or any accounts or property into which investor funds were deposited or invested; and

  (3) opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of the Defendants, or subject to access by any of the Defendants, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets subject to this order;

 C. that any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in Paragraphs A or B of Section II of this Order, in the name of, for the benefit of, or under the control of the Defendants, or any account holding investor funds wherever located, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets.

 D. Notwithstanding the limitations in paragraphs A, B, and C of this section, Defendants Brown and Jamerica shall be permitted to use, collectively, $10,000 for the duration of this order for the purposes of the ordinary business expenses of Jamerica, counsel fees, accounting fees, and personal expenses, provided that Defendants Brown and Jamerica provide to the Plaintiff: (1) written assurances that such funds are not investor funds; and (2) written identification as to the source of such funds.

  E. Nothing in this Order should be construed as prohibiting any client of Jamerica or Brown (other than Brown himself or Brawta) from personally making any changes, including but not limited to, deposits or withdrawals, to any accounts he or she may maintain in his or her own name.

  F. This order shall not apply to customer accounts maintained at Fiserv Trust Company. However, no investor funds shall be transferred from Fiserv Trust Company to the Defendants.

  G. This asset freeze shall not prevent Defendants from managing the trading activity at an account held at Scottrade. However, no investor funds shall be transferred from the account at Scottrade to the Defendants. In addition, funds in this account may not be used to invest in any non-public companies or any person or entities associated with the Defendants. Furthermore, Defendants shall provide a daily report as to all activity in the Scottrade account.

### III.

### ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that the Defendant Brawta shall make a sworn accounting, to this Court, within fourteen (14) days of the issuance of this Order. Defendant Jamerica shall make a sworn accounting of 2004 through the present to this Court, within thirty (30) days thereafter. Nothing contained in this Section of this Order shall prevent the Defendant Sherwin P. Brown from asserting a Fifth Amendment privilege against self-incrimination and, in turn, nothing contained in this Section of the Temporary Restraining Order shall prevent the Commission from opposing or

challenging Brown's assertion of a Fifth Amendment privilege against self-incrimination. Said sworn accountings shall consist of:

  A. (1) all assets, funds and property received, directly or indirectly, from anyone who invested in Brawta or any similar agreement, or otherwise gave, directly or indirectly, assets, funds or property to the Defendants; (2) the amount of such funds or value of such assets; (3) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (4) the uses to which such funds were put; and (5) the amounts of any remaining assets or funds described in Section I.A.(1) of this Order and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

  B. all of the assets and liabilities for the Defendants wherever located, and for each asset and liability provide: (1) a description; (2) the amount or value; (3) the location including the name and address of the bank or other financial institution, the account name and the account number; and (4) the date the asset was acquired or the date the liability was incurred.

## IV.

## RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that the Defendants and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active

concert or participation with any one or more of them, and each of them, be and they hereby are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files and other property of or pertaining to the Defendants or any matters described in the Complaint filed by the United States Securities and Exchange Commission in this action, wherever located, until further order of this Court.

## V.

## **EXPEDITED DISCOVERY**

**IT IS HEREBY FURTHER ORDERED** that:

A. Immediately upon entry of this Order, or subject to further Order of the Court, the parties are granted leave to serve interrogatories, requests for documents, and requests for admissions, take depositions and subpoena documents immediately, and the time allowed to respond to such discovery requests is shortened to 5 calendar days after a request is served unless otherwise ordered by the Court.

B. Should a party fail to respond to a request for admission within 5 calender days of service, that request may be deemed admitted for all purposes in this action.

C. Should a party fail to respond to an interrogatory within 5 calender days of service, that party may be prohibited from introducing any evidence concerning the subject of the interrogatory for any purpose in this action.

D.  Should a party fail to produce a responsive document within 5 calender days of service, that party may be prohibited from introducing the withheld document for any purpose in this action.

E.  The Defendants shall serve an answer or otherwise respond to the Commission's Complaint within 20 calendar days from the date of this Order; the Court may deem the Commission's allegations admitted for purposes of the Commission's request for a preliminary injunction should a party fail to serve an Answer or otherwise respond within such time.

F.  All other discovery rules contained in the Federal Rules of Civil Procedure and Local Rules for the District of Minnesota shall apply unless otherwise ordered by this Court.  All responses to the Commission's discovery requests shall be delivered to the Securities and Exchange Commission, Midwest Regional Office, Attention: John J. Kaleba, 175 W. Jackson Blvd., Suite 900, Chicago, Illinois 60604 by the most expeditious means available, including via facsimile to (312) 353-7398.  Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier and depositions may be taken by telephone or other remote electronic means.

## VII.

### NOTICE OF FOREIGN TRAVEL

**IT IS HEREBY FURTHER ORDERED** that Defendant Brown shall provide notice to the Plaintiff of any travel outside the United States.

## VIII.

## **NOTICE OF THIS ORDER**

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, or personally by agents or employees of the Commission, upon the Defendants, and upon any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may subject to any provision of this Order.

**IT IS HEREBY FURTHER ORDERED** that:

A.  This order shall expire at midnight on April 20, 2006, or such other time and date as determined by the Court, or agreed upon by the parties hereto.

B.  That a hearing is set before this Court on April 20, 2006, at the hour of 2:00 o'clock, p.m., at which time the Defendants shall show cause why a preliminary injunction should not be granted in accordance with the prayer of Plaintiff's complaint.

SO ORDERED:

                                                                       JUDGE: s/ Paul A. Magnuson

Dated: March 29, 2006

Agreed to and submitted by counsel       s/ Charles J. Kerstetter
                                                   Charles J. Kerstetter – USSEC

                                                   s/ Matthew D. Forsgren
                                                   Matthew D. Forsgren 246694