# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SHERWIN P. BROWN, JAMERICA FINANCIAL, INC., and BRAWTA VENTURES, LLC,<br><br>Defendants. | Civil No. 06-1213 (JRT/FLN)<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S DENIAL OF MOTION TO STAY LITIGATION AND GRANTING JOINT MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS** |

John J. Kaleba, Charles J. Kerstetter, Erik J. Lillya, and Robert M. Moye, **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, 175 Jackson Boulevard West, Suite 900, Chicago, IL 60604, for plaintiff.

Julie H. Firestone and Matthew D. Forsgren, **BRIGGS & MORGAN, PA**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402, for defendants.

Nauni Manty and Timothy J. Pramas, **FELHALBER LARSON FENLON & VOGT**, US Bank Plaza, 220 South 6th Street, Suite 2200, Minneapolis, MN 55402, for receiver Nauni Manty.

This matter is before the Court on the objection of defendants Sherwin P. Brown, Jamerica Financial, Inc., and Brawta Ventures, LLC to a July 16, 2007, order by United States Magistrate Judge Janie S. Mayeron denying defendants' Motion to Stay Litigation. For the reasons stated below, the Court overrules defendants' objection, and affirms the order of the Magistrate Judge.

## BACKGROUND

Defendants are being investigated by the Securities and Exchange Commission ("SEC"). The SEC filed a complaint on March 29, 2006, alleging defendants misappropriated investment funds, failed to comply with federal record-keeping laws, and provided false or misleading disclosures to investors. On April 30, 2007, defendant Brown received a "target letter" from the United States Attorney's Office for the District of Minnesota, informing him that he is under federal investigation for mail fraud and money laundering. The letter stated defendant could submit to an interview by the United States Postal Inspection Service or testify before a federal grand jury, but noted that he is not required to do either. Defendants now ask the Court to stay the proceedings in the civil case because any testimony defendant Brown gives during civil discovery could be used against him in future criminal proceedings.

## ANALYSIS

### I.   STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

## II.     MOTION TO STAY LITIGATION

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).  However, a court has discretion to stay civil proceedings "when the interests of justice seem to require such action." *Sec. & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).  In making this determination, courts look to a number of factors, including "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).  However, a stay of a civil case is an "extraordinary remedy," and "stays will generally not be granted before an indictment is issued." *Id*.

Here, the Magistrate Judge based her denial of defendants' motion primarily on the following: 1) no criminal indictment has been issued, preventing a determination of the overlap between the civil and criminal case; and 2) the case has already been pending since March 2006.  The Magistrate Judge noted that further delay would frustrate the interests of the plaintiffs and the public in the prompt enforcement of federal securities laws, as well as delay the return of any misappropriated investment funds.  While defendants contend "it is now apparent that the issues in this civil case and the criminal

matter are identical," they do not provide any further evidence or explanation that would allow the Court to analyze whether this is so. Defendants also do not indicate that an indictment has been filed. The lack of an indictment deprives the Court of the most reliable method of assessing the overlap between the criminal and civil matters, and also suggests that it remains uncertain whether defendant Brown will ever actually face criminal charges. In those circumstances, the Court cannot conclude that the Magistrate Judge's balancing of the relevant interests was clearly erroneous or contrary to law. Accordingly, the Court adopts the Magistrate Judge's denial of defendants' Motion to Stay Proceedings.

### III. MOTION TO EXTEND TIME TO FILE DISPOSITIVE MOTIONS

The parties have also filed a joint motion for an extension of the time to file dispositive motions. The parties request a new deadline of November 16, 2007. The Court finds good cause for this extension, and grants it as requested. The trial ready date is adjusted accordingly and set for February 16, 2008.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' objections [Docket No. 168] to the Order denying defendant's motion to stay litigation are **OVERRULED**.

2. The Magistrate Judge's Order dated June 18, 2007 [Docket No. 167] is **AFFIRMED**.

- 5 -

3. The parties' Joint Motion for Extension of Time to File Dispositive Motions [Docket No. 181] is **GRANTED**.  The new deadline for dispositive motions is set for November 16, 2007.  The new trial ready date is set for February 16, 2008.

DATED: November 21, 2007             s/ John R. Tunheim\_
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
            United States District Judge