UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SHERWIN P. BROWN, JAMERICA FINANCIAL, INC., and BRAWTA VENTURES, LLC,<br><br>Defendants. | Civil No. 06-1213 (JRT/FLN)<br><br><br><br>**ORDER AFFIRMING<br>MAGISTRATE JUDGE'S ORDER** |

John J. Kaleba, Charles J. Kerstetter, Erik J. Lillya, and Robert M. Moye, **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, 175 Jackson Boulevard West, Suite 900, Chicago, IL 60604, for plaintiff.

Julie H. Firestone and Matthew D. Forsgren, **BRIGGS & MORGAN, P.A.**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402, for defendants.

Nauni J. Manty, **MANTY & ASSOCIATES**, P.A. 33 South Sixth Street, Suite 4100 , Minneapolis, MN 55402; and Timothy J. Pramas, **FELHALBER LARSON FENLON & VOGT**, US Bank Plaza, 220 South 6th Street, Suite 2200, Minneapolis, MN 55402, for receiver Nauni Manty.

This matter is before the Court on the objection of defendants Sherwin P. Brown, Jamerica Financial, Inc., and Brawta Ventures, LLC to a January 15, 2008, order by United States Magistrate Judge Franklin L. Noel. That order denied defendants' motion for additional time to respond to plaintiff's motion for summary judgment. For the reasons stated below, the Court overrules defendants' objection, and affirms the order of the Magistrate Judge.

The Securities and Exchange Commission ("SEC") filed a complaint on March 29, 2006, alleging defendants misappropriated investment funds, failed to comply with federal record-keeping laws, and provided false or misleading disclosures to investors. On November 16, 2007, plaintiff moved for summary judgment, and Magistrate Judge Noel is scheduled to hear that motion on January 31, 2008.  Pursuant to Local Rule 7.1(b), defendants' response to plaintiff's motion was due on January 11, 2008. However, rather than filing a response on that date, defendants filed a motion asking for a 45-day extension and a 45-day delay of the hearing.  Defendants' counsel indicated that this request was pursuant to the instructions of their client and that they would soon be making a motion to withdraw.  Defendant Brown filed an accompanying affidavit indicating that his personal circumstances had prevented him from "participating" in the preparation of his response brief.  The Magistrate Judge summarily denied the motion.

Defendants' counsel now indicates that they have prepared a response in opposition to plaintiff's motion, but notes that their client has instructed them to continue seeking an extension rather than filing it.  The defendants raise no substantive challenge to the Magistrate Judge's order other than to generally refer the Court to Brown's affidavit.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  *Reko v. Creative Promotions, Inc.,* 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

Defendants have failed to meet that burden here.  The Court is sympathetic to the personal difficulties described by Brown in his affidavit, and does not doubt that those difficulties have been a significant distraction.  However, defendants concede that their response has been prepared, and that they have simply elected not to file it.  Their two-page memorandum to the Court provides no explanation for why defendants have made this decision, or of how any additional time would be useful.[1]  In those circumstances, the Court cannot conclude that it was "clearly erroneous" for the Magistrate Judge to determine that an extension was not appropriate.  Accordingly, the Court affirms the Magistrate Judge's order.

The Court adds, however, that even if defendants provide no written or oral argument in opposition to plaintiff's motion for summary judgment, that motion will not automatically be granted.  *See AT&T Corp. v. Firmware of Minn., Inc.*, No. 02-1010, 2004 WL 112632, at *1 (D. Minn. Jan. 20, 2004).  The Court will still need to determine whether the plaintiff is entitled to judgment as a matter of law on each of its claims.  *See id*.

---

[1] The Court is troubled by the apparent discord between defendants and their attorneys at this critical juncture in the case.  However, defendants do not point to this as a reason for an extension, and the issue is not mentioned in Brown's affidavit.  Therefore, this Court will not rely on that issue as a reason for reversing the Magistrate Judge.  However, the docket now indicates that the Magistrate Judge will hear a motion to withdraw as counsel brought by defendants' attorneys.  That motion is scheduled to be heard in conjunction with plaintiff's summary judgment motion.  Nothing in this order would restrict the Magistrate Judge from making scheduling changes if that appears appropriate at the hearing.

-4-

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendants' objections [Docket No. 250] and **AFFIRMS** the Magistrate Judge's Order dated January 15, 2008 [Docket No. 246]. **IT IS HEREBY ORDERED** that defendants' Motion for Extension of Time to File Response/Reply as to Plaintiff's Motion for Summary Judgment [Docket No. 241] is **DENIED**.

DATED: January 29, 2008                  s/ John R. Tunheim
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                                     United States District Judge