## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 06-1213 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| SHERWIN P. BROWN, JAMERICA FINANCIAL, INC., and BRAWTA VENTURES, LLC, | |
| Defendants. | |

John J. Kaleba, Charles J. Kerstetter, Erik J. Lillya, and Robert M. Moye, **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, 175 Jackson Boulevard West, Suite 900, Chicago, IL 60604, for plaintiff.

Matthew D. Forsgren and Julie H. Firestone, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendants.

Nauni Manty and Timothy J. Pramas, **FELHALBER LARSON FENLON & VOGT**, US Bank Plaza, 220 South 6th Street, Suite 2200, Minneapolis, MN 55402, for receiver Nauni Manty.

This case is before the Court on the objections of defendants Sherwin P. Brown, Jamerica Financial, Inc. ("Jamerica"), and Brawta Ventures, LLC ("Brawta") to various non-dispositive orders issued by United States Magistrate Judge Franklin L. Noel. For the reasons stated below, the Court overrules defendants' objections, and affirms the orders of the Magistrate Judge.

## BACKGROUND

Defendants are being investigated by the Securities and Exchange Commission ("SEC").  The SEC filed a complaint on March 29, 2006, alleging that defendants misappropriated investment funds, failed to comply with federal record-keeping laws, and provided false or misleading disclosures to investors.  In total, the SEC alleges that defendants misappropriated approximately $569,950.

On April 14, 2006, this Court issued a preliminary injunction freezing defendants' assets.  This injunction impeded defendant Brown's ability to engage in financial transactions, but permitted him to withdraw funds for reasonable and necessary personal expenses, provided he could demonstrate that these funds were not tied to allegedly defrauded investors.  The Magistrate Judge has denied several of defendants' requests to depart from this asset freeze, and defendants now appeal several of those orders.  In addition, defendants' counsel appeals a non-dispositive order denying a request to withdraw.  The Court now turns to those appeals.

## I.    STANDARD OF REVIEW

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  *Reko v. Creative Promotions, Inc.,* 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

## II.    WITHDRAWAL OF COUNSEL [DOCKET NO. 293]

On January 17, 2008, defendants' counsel sought to withdraw, providing an explanation that was filed under seal. In an order dated January 31, 2008, the Magistrate Judge noted that it had reviewed this filing with the fact "in mind" that this case is ready for trial. Defendants now argue that this assessment represented an error of law, because "[t]he standard adopted by the Magistrate Judge essentially forecloses any showing of good cause once a case is ready for trial." This Court disagrees. As noted above, the Magistrate Judge merely noted that it had kept the case's status "in mind." This was a reasonable factor to consider – particularly in a case that was filed more than two years ago – and the Court does not read the Magistrate Judge's order to declare a rule that attorneys may never withdraw once a case is set for trial. After having carefully reviewed the documents filed under seal by defendants' counsel, the Court cannot conclude that the Magistrate Judge's order was clearly erroneous. Accordingly, defendants' objection to that order is overruled, and the order of the Magistrate Judge is affirmed.

## III.   SALE OF DEFENDANT BROWN'S HOME [DOCKET NO. 296]

On December 11, 2007, defendant Brown sought leave to sell his home in order to reduce his monthly expenses. In an order dated February 5, 2008, the Magistrate Judge granted this request, but added that "[t]he proceeds from the sale shall be paid to the Receiver to be held by her in escrow, separate and apart from other money the Receiver

collects, until further order of the Court."[1]  Defendant objects to that condition, arguing that his wife's interests in the home should not be subject to the control of the Receiver. Defendant adds that the Receiver's interests could be adequately protected by its ability to make a claim against the new home defendant plans to purchase with the proceeds.

Defendant Brown has articulated considerations that would have been valid in making this determination in the first instance.  However, none of these considerations demonstrate that the Magistrate Judge's cautious approach was clearly erroneous.  This case involves allegations of more than $560,000 in misappropriated investments, and the Court has an interest in carefully monitoring any potential sources of recovery in the event that defrauded investors become entitled to compensation.  Accordingly, defendant's objection is overruled, and the order of the Magistrate Judge is affirmed.

## IV.     SALE OF JAMERICA [DOCKET NO. 299]

On December 10, 2007, defendants Brown and Jamerica sought leave for defendant Brown to sell Jamerica.  The Receiver opposed this request, arguing that defendants had not provided sufficient details about this proposed sale.  In an order dated February 11, 2008, the Magistrate Judge summarily denied the motion.  Defendants object, contending that it is unfair that defendant Brown is both prevented from selling Jamerica and prevented from drawing a salary as he works to keep it afloat.  Defendants argue that Brown should be permitted to sell Jamerica to "an unrelated third party."

---

[1] In an order dated July 6, 2006, Nauni Manty was appointed as Receiver over defendant Brawta.

Again, while the defendants have identified relevant considerations, they have not demonstrated that the Magistrate Judge's order was either clearly erroneous or contrary to law.  Accordingly, defendants' objections are overruled, and the order of the Magistrate Judge is affirmed.  The Court notes, however, that both the SEC and the Receiver have indicated that they would not oppose the sale of any portion of defendant Jamerica provided that any proceeds were placed in escrow.  Defendant has not commented on this proposal in its filing before this Court.  If defendants should elect to pursue such an option, they should request leave to do so in a renewed motion to the Magistrate Judge.

## V.   MODIFICATION OF PRELIMINARY INJUNCTION AND ASSET FREEZE [DOCKET NO. 305]

On November 9, 2007, defendants moved to modify the Agreed Order of Preliminary Injunction and Asset Freeze entered into on April 14, 2006.  The changes that defendants sought included (1) permission to provide the SEC with weekly, rather than daily, account activity reports; (2) permission for defendant Brown to take a bi-weekly salary of $4,923 to pay his reasonable and necessary living expenses; and (3) modification of the Preliminary Injunction to reflect that since the injunction was entered, Jamerica's Scottrade account has been closed.  The Magistrate Judge denied these requests in an Order and Report and Recommendation dated February 14, 2008.[2]  Defendants now object, arguing that the daily account reports are unduly onerous, that

---

[2] This Order and Report Recommendation also recommended that defendants be held in contempt for violating terms of the preliminary injunction and be required to make all of their books and records available to the SEC for inspection.  Defendants have filed no objections to this recommendation. Accordingly, that recommendation is adopted without further discussion.

defendant Brown's lack of a salary is creating undue hardship, and that some portions of the Preliminary Injunction could be clarified by removal of the Scottrade references.

As to the reporting requirement, plaintiff SEC has indicated its willingness to accept an accommodation: plaintiff SEC indicates that it would be acceptable if defendants did not file a daily report on days when they do not carry out any bank account activities.  While the Court finds no clear error in the Magistrate Judge's determination to continue daily reports, this Court adopts the reasonable modification suggested by plaintiff SEC.  As to the salary request, defendant Brown has sought and received permission to make reasonable personal expenditures numerous times in the course of these proceedings.  The Magistrate Judge did not clearly err in determining that the sizable request made by defendant Brown was inappropriate.  Finally, plaintiff SEC indicates that it has no objection to striking any moot language from the preliminary injunction, and invites defendants to propose revised terms.  While the Court finds no clear error in the Magistrate Judge's handling of this issue, if the parties are able to agree upon revised terms, they should file a joint motion with the Magistrate Judge setting forth their revisions.  In sum, defendants' objections are overruled, and – with the slight modification in the daily report requirement indicated above – the order of the Magistrate Judge is affirmed.

## VI.    WITHDRAWAL FROM 401(K) [DOCKET NO. 319]

Finally, on March 7, 2008, defendant Brown filed a motion under seal to withdraw from his 401(k).  The Magistrate Judge summarily denied this motion in an order dated

March 27, 2008, after the SEC and Receiver alleged that the funds in defendant Brown's 401(k) were unlawfully appropriated from individuals who invested in defendant Brawta. Defendant Brown now objects to that order, arguing that the allegations against him are unproven, and that a 2006 affidavit demonstrates that the 401(k) funds were not improperly obtained. This Court has carefully reviewed defendants' submissions to this Court, including the memorandum filed under seal before the Magistrate Judge, and finds no clear error or errors of law in the Magistrate Judge's determination. Accordingly, defendants' objections are overruled and the order of the Magistrate Judge is affirmed.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendants' objections [Docket Nos. 293, 296, 299, 305, and 319] and **AFFIRMS** the Magistrate Judge's orders dated January 31, 2008, February 5, 2008, February 11, 2008, and March 27, 2008 [Docket Nos. 280, 284, 290, and 318].

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order and Report and Recommendation dated February 14, 2008 [Docket No. 291] is **AFFIRMED** as to defendants' Emergency Motion to Modify Agreed Order of Preliminary Injunction and Asset Freeze **with the modification** that defendants are not required to file daily reports on days when they do not carry out any bank account activities.

**IT IS FURTHER ORDERED** that the no objections [Docket No. 305] having been filed to the Magistrate Judge's Report and Recommendation [Docket No. 291], the

-8-

Report and Recommend is hereby **ADOPTED**.  The Court therefore finds Defendants in contempt of court for violating the terms of the preliminary injunction and, as a result, defendants must make all of their books and records available to the SEC for inspection.


DATED:   May 1, 2008                              s/ John R. Tunheim          _
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge