UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Securities and Exchange Commission, | Civil No. 06-1213(JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sherwin P. Brown, Jamerica Financial, Inc. and Brawta Ventures, LLC, | |
| Defendants. | |

Timothy Pramas for Receiver Nauny Manty.
Seth Leventhal for Relief Defendant CitiMortage.

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 14, 2008 on Relief Defendant CitiMortgage's Motion to Dismiss [#343]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant CitiMortgage's Motion [#343] be **DENIED**.

**BACKGROUND**[1]

On March 29, 2006, the Securities and Exchange Commission ("SEC") filed this case against Defendants for carrying on a fraudulent investment scheme. (Summ. Proceeding App. for Disgorgement ¶ 1.) On the same day, the Court issued a temporary restraining order, followed by

---

[1] For the facts and circumstances leading to the appointment of the Receiver in this case, see Judge Tunheim's September 30, 2008 Order adopting the Court's Report and Recommendation. (Dkt. No. 349.)

1

a preliminary injunction, prohibiting Defendants from offering or selling securities and from engaging in fraudulent acts in violation Section 17(a)(1) of the Securities Act of 1933.  (Summ. Proceeding App. ¶ 2.)  On July 6, 2006, the Court appointed Nauny J. Manty as the Receiver in this case and in a November 21, 2007 Order, authorized her to commence summary proceedings in this case and add relief defendants.  (Summ. Proceeding App. ¶ 3.)  On May 5, 2008, the Receiver filed a Summary Proceeding Application for Disgorgement, Money Judgment and Imposition of Trust against CitiMortgage.  The Application alleges that CitiMortgage entered into a promissory note and mortgage with Defendant Sherwin Brown in his personal capacity for a home located on Woodlawn Avenue in St. Paul, Minnesota.  (Summ. Proceeding App. ¶ 5.)  The Receiver alleges that from November 2004 until January 2006, Brown paid this mortgage obligation to CitiMortgage using approximately $69,775.88 of Brawta investor funds.  (Summ. Proceeding App. ¶ 6-7.)  The Receiver claims she traced the funds Brown took from the Brawta U.S. Bank account to an account at Affinity Plus Federal Credit Union and to Jamerica Financial's bank account.  (Summ. Proceeding App. ¶ 7.)  Brown allegedly paid CitiMortgage from those accounts.  (Receiver's Mem. in Opp. at 5.)  The Receiver alleges that Brawta did not owe CitiMortgage money and that the payments were made for Brown's personal obligations and that CitiMortgage must return the funds to the Brawta investors.  (Summ. Proceeding App. ¶ 8-10.)  The Receiver also alleges that CitiMortgage has a lien and/or a contractual interest in Brown's home.  (Summ. Proceeding App. ¶ 11.)

In this motion, CitiMortgage moves to dismiss both counts of the Application. Count One is a claim for Fraudulent Transfer and Count Two is for Unjust Enrichment.

## ANALYSIS

### A.  Standard of Review

Defendant moves to dismiss both counts of the Application pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, and under Federal Rule of Civil Procedure 9(b), for failure to plead fraud with particularity.  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (U.S. 2007).

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "In order to meet 9(b)'s heightened pleading requirement, a plaintiff must set forth the 'who, what, when, where, and how. . .' of the claim."  *Tuttle v. Lorillard Tobacco Co.*, 118 F.Supp.2d 954, 963 (D. Minn. 2000).  The parties do not

dispute that the heightened pleading standard applies to both claims and therefore the court reviews both to determine whether they have met the requirements of Rule 9(b).

**B.     The Fraudulent Transfer (Count One) Claim Must Not be Dismissed.**

Defendant contends that the Receiver has failed to plead the fraudulent transfer claim with sufficient particularity.

Minnesota's Fraudulent Transfer statute provides, in part:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; . . .

Minn. Stat. § 513.44.  In this case, the Receiver alleges that from November 2004 through January 2006, Brown transferred funds totaling $69,775.88 from the Brawta U.S. Bank Account to other bank accounts and, from those accounts, paid CitiMortgage. (Summ. Proceeding App. ¶ 6-7.) The bank accounts from which CitiMorgage received payment were an account at Affinity and Jamerica Financial's bank account. (Summ. Proceeding App. ¶ 7.) Plaintiff attached to the Complaint Exhibit A which sets forth the dates on which CitiMortgage received payment from Brown.  These allegations answer the who, what, when, where and how questions which Rule 9(b) requires Plaintiff to address.

Defendant CitiMortgage contends that the fraudulent transfer claim is not sufficient because the allegation that the funds were first transferred to the Affinity or Jamerica account "suggests the applicability of a Minn. Stat. § 513.44(a) good-faith transferee defense." (CitiMortgage Mem. at 5.) The availability of a defense, however, has no bearing on whether or not the Receiver has stated a claim.

CitiMortgage also contends that the Receiver's claim fails because she does not allege "any facts from which one could reasonably infer any involvement on the part of the mortgage lender in any fraudulent activity of any kind." (CitiMortgage Mem. at 5.) CitiMortgage cites to no law and the Court is aware of none requiring that Plaintiff must allege CitiMortgage engaged in fraudulent activity in order to state a claim for fraudulent transfer. The Receiver's allegation that Brown paid his mortgage with Brawta funds in an attempt to defraud the Brawta investors is sufficient to state a claim under Minn. Stat. § 513.44(a)(1).

Lastly, CitiMortgage argues that the Receiver fails to state a claim under section (a)(1) of the statute because the Receiver failed to allege that Brown made his payments to CitiMortgage with actual intent to hinder, delay or defraud any of his creditors and that she failed to allege any factors considered indicia of actual intent under § 513.44(b). For the purposes of Rule 9(b), the Court finds that the Receiver has stated her claim with sufficient particularity in that she alleges that Brown transferred funds from the Brawta account and used those funds to pay the mortgage on his home, and in so doing, was defrauding his creditors, the Brawta investors. Under the statute, an indicia of actual intent is whether the debtor "removed or concealed assets." § 513.44(b)(7). The Receiver alleges that Brown removed Brawta assets from the Brawta account and eventually used those assets to pay CitiMortgage. These allegations are sufficient to state a claim under Rule 9(b).

Because the Court finds that the Receiver has stated a claim under section (a)(1) of § 513.44, it does not address CitiMortgage's arguments concerning section (a)(2) of the statute.

### C. The Unjust Enrichment (Count Two) Must Not be Dismissed.

CitiMortgage contends that this claim should be dismissed because the Receiver: (1) failed to allege CitiMortgage *knowingly* received Brawta investor funds; and (2) has failed to met the 9(b)

pleading requirements.

"The theory of unjust enrichment or money had and received . . . has been invoked in support of claims based upon failure of consideration, fraud, mistake, and in other situations where it would be morally wrong for one party to enrich himself at the expense of another." *Cady v. Bush*, 166 N.W.2d 358, 361-362 (Minn. 1969). The Minnesota Supreme Court has not addressed whether an unjust enrichment claim must include allegations that a Defendant committed a wrong (*e.g.*, defendant participated in a fraud and benefitted as a result; defendant had knowledge of a fraud and benefitted from it) or whether it is sufficient to allege only that the defendant benefitted from another's wrong.

The Minnesota Court of Appeals held in *Honeywell/Alliance Techsys. Fed. Credit Union v. Buckhalton,* No. C2-99-1194, 2000 WL 53875, *3 (Minn.Ct.App. Jan. 2000) that an unjust enrichment claim need not include allegations that the defendant committed a wrong in order to prevail on the claim. *See also Wells Elec., Inc. v. Schaper,* No. A06-420, 2006 WL 2807179, *6-7 (Minn.Ct.App. 2006). In that case, Darrell Colbert fraudulently induced Honeywell to give him $90,000, a portion of which he gave to the defendant, Buckhalton. According to the stipulated facts, Buckhalton did not participate in or have knowledge of the fraud. The court concluded that Buckhalton was not entitled to keep the money because Colbert obtained and transferred the money fraudulently. *Honeywell*, 2000 WL 53875 at *3. Judge Magnuson found the reasoning in *Honeywell* persuasive in *Kranz v. Koenig*, 484 F.Supp.2d 997, 1001 (D. Minn. 2007). In that case, the court also held that an unjust enrichment claim does not require a defendant to commit a wrong, but only requires that the defendant benefit from another's wrong. *Id*.

Defendant cites to Minnesota Court of Appeals cases that stand for the opposite proposition:

that to state a valid unjust enrichment claim, a party must allege that the Defendant participated in a fraud or illegal conduct or *knowingly* received something of value to which he was not entitled. *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001); *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992).

The Court is persuaded by the reasoning in *Honeywell* and finds that the Receiver was not required to allege that CitiMortgage knowingly received stolen investor money. Further, the Receiver has sufficiently stated a claim under the dictates of Rule 9(b). The Receiver alleges that CitiMortage received stolen investor money from Sherwin Brown and that it would be unjust for CitiMortgage to keep the money. As addressed in Part B of this Report and Recommendation, the Receiver adequately alleges the "who, what, where, when and how" of these circumstances.

## RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Relief Defendant CitiMortgage's Motion to Dismiss [#343] be **DENIED**.

DATED: December 11, 2008              s/ *Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 31, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by

**December 31, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.