# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SHERWIN P. BROWN, JAMERICA FINANCIAL, INC. and BRAWTA VENTURES, LLC,<br><br>Defendants. | Civil No. 06-1213 (JRT/FLN)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Robert M. Moye and Charles J. Kerstetter, **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, 175 Jackson Boulevard West, Suite 900, Chicago, IL 60604, for plaintiff.

Julie H. Firestone and Matthew D. Forsgren, **BRIGGS & MORGAN, P.A.**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendants.

This matter is before the Court on the objections of defendants Sherwin P. Brown ("Brown") and Jamerica Financial, Inc. ("Jamerica") to the Amended Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on February 23, 2009. After a *de novo* review of defendants' objections, this Court adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

The factual background of this case is described at length in *SEC v. Brown*, 579 F. Supp. 2d 1228, 1230-33 (D. Minn. 2008). In short, on March 29, 2006, the United

States Securities and Exchange Commission ("SEC") filed this action alleging that Brown, through his companies Jamerica and Brawta Ventures, LLC ("Brawta"), violated multiple securities laws and misappropriated approximately $870,000 from investors. On September 30, 2008, this Court concluded that the unrefuted evidence demonstrated that Brown had exhibited severe recklessness in misappropriating the disputed funds, and granted summary judgment to the SEC on its claims against Brown and Jamerica. The Court also granted a permanent injunction against Brown and Jamerica to prevent future securities violations; ordered the disgorgement of $869,633 in misappropriated funds, along with prejudgment interest; and ordered the parties to submit additional briefing on the question of whether additional civil penalties should be imposed. Following the filing of that additional briefing and a hearing before the Magistrate Judge, the Magistrate Judge issued a Report and Recommendation recommending that this Court impose civil penalties of $80,000 against Brown and $400,000 against Jamerica. Defendants now object to those recommendations.

## ANALYSIS

I. **CIVIL PENALTIES**

In its Order granting summary judgment, this Court concluded that Brown and Jamerica violated Section 17(a) of the Securities Act of 1933 ("the Securities Act"), Section 10(b)(5) of the Securities Exchange Act of 1934 ("the Exchange Act"), and the Investment Advisers Act of 1940 ("the Advisers Act"). Each of these Acts provides for the imposition of civil penalties. *See* 15 U.S.C. §§ 77t(d), 78u(d)(3), 80b-9(e).

"A civil penalty is intended both to punish the individual violator and to deter future violations of the securities laws." *SEC v. Marker*, 427 F. Supp. 2d 583, 592 (M.D.N.C. 2006). Such a penalty is necessary "because disgorgement merely requires the return of illegal profits; it does not impose an actual economic penalty as a deterrent to violations of the securities laws." *Id.* "In determining whether civil penalties should be imposed, and the amount of the fine, courts look to a number of factors, including (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." *SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007). In short, "[t]he amount of a civil penalty should be determined in light of the facts and circumstances of the particular case." *Marker*, 427 F. Supp. 2d at 592 (internal quotation marks omitted).

The securities statutes violated by defendants also provide a three-level "tier" structure to assist courts in determining an appropriate civil penalty. *See* 15 U.S.C. §§ 77t(d)(2), 78u(d)(3)(B), 80b-9(e)(2). The first tier applies to basic violations of the securities statutes; the second tier applies to violations involving "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement"; and the third tier applies to violations that meet the second tier standard and also "resulted in substantial losses or created significant risk of substantial losses to other persons." *See* 15 U.S.C. §§ 77t(d)(2), 78u(d)(3)(B), 80b-9(e)(2). The maximum penalty for an

individual under tier one is $6,500; the maximum under tier two is $60,000; and the maximum under tier three is $120,000. *See* 17 C.F.R. pt. 201, subpt. E, tbl.II. The maximum penalty for a corporation under tier one is $60,000; the maximum under tier two is $300,000; and the maximum under tier three is $600,000. *Id.* For third-tier violations, however, courts may assess a penalty equal to the gross pecuniary gain of the defendant irrespective of whether that amount exceeds the maximums listed above. *See* 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii), 80b-9(e)(2)(C).

Here, the Magistrate Judge determined that the evidence in this case supports third-tier penalties against both Brown and Jamerica. The Magistrate Judge explained that out of $1.62 million that was transferred to Brown by investors, more than $800,000 was diverted to non-investment purposes, including the payment of Brown's personal debts. The Magistrate Judge added that Brown had taken several steps to conceal this diversion of assets, including asking a business associate to lie about the purpose of a $22,500 payment he had received from Brown. Finally, the Magistrate Judge emphasized that Brown's violations were recurring, and that he had violated the asset freeze put in place after the filing of this lawsuit. In light of that background, the Magistrate Judge recommended imposing an $80,000 penalty against Brown and a $400,000 penalty against Jamerica. The Court notes that these penalties are considerably lower than either the maximum penalties available under tier three of the statutory structure described above or defendants' apparent pecuniary gain from their fraudulent conduct.

Defendants now offer two objections to these penalties. First, defendants argue that this Court should consider the unfairness of Brown having to defend against an SEC investigation while it was still uncertain whether he would be charged with a crime. This Court has dealt with this subject on at least two prior occasions, and finds no basis for revisiting it here, or factoring it into the Court's civil penalty assessment. *See Brown*, 579 F. Supp. 2d at 1233-34. In short, this case involved an extensive, clearly-established fraud against numerous innocent investors, and the uncertain possibility of Brown being indicted at some point in the future was not an adequate basis for an indefinite delay. Congress has designed a civil penalty structure to supply deterrence against this type of conduct, and the Court finds nothing in the facts of this case that would justify foregoing such penalties here.

Next, defendants argue that these penalties should be reduced to account for Brown's weakened financial condition. This issue was considered and rejected by the Magistrate Judge, who explained that defendants had not offered any evidence of their financial condition, and that financial information submitted by the SEC showed that Brown had continued to deposit substantial sums into his bank account in the last months of 2008. (*See* Pl.'s Mem., Docket No. 362, Ex. 2.) In spite of this plain explanation of the shortcomings in their evidence, defendants have submitted no additional evidence with their objections. In those circumstances, the Court will not treat defendants' bare assertions as a basis for reducing the Magistrate Judge's suggested civil penalties. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based upon all the files, records and proceedings herein, the Court **OVERRULES** defendants' objections [Docket No. 374] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 372].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Sherwin Brown shall pay a civil penalty in the amount of $80,000; and

2. Jamerica Financial, Inc. shall pay a civil penalty in the amount of $400,000.

DATED:  July 20, 2009
at Minneapolis, Minnesota.

            ___s/ John R. Tunheim___
              JOHN R. TUNHEIM
             United States District Judge