UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____
                                    )
**UNITED STATES SECURITIES**        )
**AND EXCHANGE COMMISSION,**        )
                                    )
         **Plaintiff,**          )
                                    )
         v.                       )   CIVIL NO: 06-1213 (JRT/FLN)
                                    )
**SHERWIN P. BROWN,**               )
**JAMERICA FINANCIAL, INC., and**   )   **REPORT AND**
**BRAWTA VENTURES, LLC**            )   **RECOMMENDATION**
                                    )
         **Defendants.**         )
_____)

_____

Robert M. Moye for Plaintiff.
Sherwin P. Brown, *Pro Se*.
Timothy J. Pramas, for Receiver.
_____
-----------------------------------------------------------------------

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Plaintiff's Motion for Entry of Judgment against Defendants Sherwin Brown and Jamerica

Financial Inc. [#397] and Plaintiff's Motion for Order to Adopt Calculation for Prejudgment

Interest and Form of Judgment [#421]. The matter was referred to the undersigned for Report

and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

   In accordance with the Court's Order of September 30, 2008 adopting the June 12, 2008 Report and

Recommendation and the Court's Order of July 20, 2009 adopting the February 23, 2009 Report

and Recommendation, the Court recommends that the Plaintiff's motions be granted and final

judgment entered accordingly. (Doc. Nos. 349, 380.) The September 30, 2008 Order granted

1

summary judgment on all of Plaintiff's claims against Defendants, found Defendants liable to repay $869,633 plus prejudgment interest, and found that Plaintiff is entitled to a permanent injunction against Defendants prohibiting Defendants from violating various securities laws. (Doc. No. 349 at 17-18.) The July 20, 2009 Order required Defendant Sherwin P. Brown to pay an $80,000 civil penalty and required Defendant Jamerica Financial to pay a $400,000 civil penalty. (Doc. No. 380 at 6.) Plaintiff has now submitted a calculation of prejudgment interest in the amount of $226,380.77. (Declaration of Jean Javorski at 4.) The Court recommends that this calculation be adopted, and that Defendants be ordered to pay that amount to Plaintiff.

In sum, Plaintiff has prevailed on all of its claims against Defendants, and therefore the Court recommends that the case be closed and final judgment entered as described in the attached proposed Order of Final Judgment.

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Entry of Judgment against Defendants Sherwin Brown and Jamerica Financial Inc. [#397] be **GRANTED** and Plaintiff's Motion for Order to Adopt Calculation for Prejudgment Interest and Form of Judgment [#421] be **GRANTED**.


DATED: December 7, 2009 *s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2009,** a complete transcript of the hearing.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____
                                          )
**UNITED STATES SECURITIES**              )
**AND EXCHANGE COMMISSION,**              )
                                          )
      **Plaintiff,**               )
                                          )
    v.                               )  **CIVIL NO: 06-1213 (JRT/FLN)**
                                          )
**SHERWIN P. BROWN,**                     )
**JAMERICA FINANCIAL, INC., and**         )  **[PROPOSED] ORDER**
**BRAWTA VENTURES, LLC**                  )
                                          )
      **Defendants.**              )
_____)

**FINAL JUDGMENT AS TO DEFENDANTS
SHERWIN BROWN AND JAMERICA FINANCIAL, INC.**

    The above matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated _____, 2009 [Docket No.____]. No objections have been filed to that Report and Recommendation in the time period permitted.

    Based upon the Report and Recommendation of the Magistrate Judge, upon all of the files, records, and proceedings herein, the Court now makes and enters the following Order.

**I.**

**PERMANENT INJUNCTIONS**

**A.**

**IT IS HEREBY ORDERED** that Defendants Sherwin Brown ("Brown") and Jamerica Financial, Inc. ("Jamerica") (collectively "Defendants"), their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act [15 U.S.C. §77q(a)(1)].

B.

**IT IS HEREBY FURTHER ORDERED** that Defendants, their officers, affiliates, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of such securities, or obtaining money or property by means of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they

were made, not misleading, in violation of Section 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(2) and §77q(a)(3)].

## C.

**IT IS HEREBY FURTHER ORDERED** that Defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(1) employing any device, scheme or artifice to defraud;

(2) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act (15 U.S.C. §78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

## D.

**IT IS HEREBY FURTHER ORDERED** that Defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise,

and each of them, be and are hereby permanently restrained and enjoined from, by use of the mails or any means of interstate commerce, directly or indirectly:

    (1)    employing any device scheme, or artifice to defraud any client or prospective client;

    (2)    engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Section 206(1) and (2) of the Advisors Act (15 U.S.C. §§ 80b-6(1) and 80b-6(2)).

**E.**

**IT IS HEREBY FURTHER ORDERED** that Defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, failing to make and keep true, accurate, and current records in violation of Section 204 of the Advisers Act (15 U.S.C. § 80b-4) and Rule 204-2 thereunder (17 C.F.R. § 275.204-2).

**II.**

**DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS HEREBY FURTHER ORDERED,** that Defendants are liable, jointly and severally, for disgorgement of $869,633 together with prejudgment interest of $226,380.77 thereon. Defendants shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Court. Payments under this paragraph shall be

made to the Clerk of this Court, together with a cover letter identifying Brown and/or Jamerica as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendants relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

### CIVIL PENALTIES

### A.

**IT IS HEREBY FURTHER ORDERED,** that Defendant Brown shall pay a civil penalty in the amount of $80,000. Defendant Brown shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Brown as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Brown shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## B.

**IT IS HEREBY FURTHER ORDERED,** that Defendant Jamerica shall pay a civil penalty in the amount of $400,000. Defendant Jamerica shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jamerica as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying

that payment is made pursuant to this Final Judgment. Defendant Jamerica shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### IV.

**IT IS HEREBY FURTHER ORDERED,** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

Based upon the Findings of Fact, Conclusions of Law, and Recommendation by United States Magistrate Judge Franklin L. Noel dated _____, 2009, all the files and no objections having been filed to said Report and Recommendation, it **IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Judgment against Defendants Sherwin Brown and Jamerica Financial Inc. [#397] be **GRANTED** and Plaintiff's Motion for Order to Adopt Calculation for Prejudgment Interest and Form of Judgment [#421] be **GRANTED.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Final Judgment.

_____
**John R. Tunheim**
**United States District Judge**

**Dated: _____, 2009**
**Minneapolis, Minnesota**