# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 06-1213 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE** |
| SHERWIN P. BROWN, JAMERICA FINANCIAL, INC., and BRAWTA VENTURES, LLC, | |
| Defendants. | |

Robert M. Moye and Charles J. Kerstetter, **UNITED STATES SECURITIES & EXCHANGE COMMISSION**, 175 West Jackson Boulevard, Suite 900, Chicago, IL 60604-2615, for plaintiff.

Jacqueline D. Kuiper and Timothy J. Pramas, **MANTY & ASSOCIATES P.A.**, 510 First Avenue North, Suite 305, Minneapolis, MN 55403, for the Receiver.

Sherwin P. Brown, 5030 Champion Blvd., Suite #G6-456, Boca Raton, FL 33486-2473, defendant *pro se*.

This matter is before the Court on Sherwin P. Brown's objections to two Reports and Recommendations issued by United States Magistrate Judge Franklin L. Noel on December 7, 2009. (Docket Nos. 441, 442.) After a *de novo* review of those portions of the Reports and Recommendations to which Brown objects, *see* 28 U.S.C. § 636(b)(1); D. Minn. Local Rule 72.2(b), the Court overrules the objections and adopts the Reports and Recommendations for the reasons set forth below.

# BACKGROUND[1]

On September 30, 2008, the Court granted a motion filed by the Securities and Exchange Commission ("SEC") for summary judgment against Brown and Jamerica Financial, Inc. ("Jamerica") (collectively, "defendants"). (Docket No. 349.) The Court ordered defendants to disgorge $869,633 and to pay prejudgment interest on that sum, and issued a permanent injunction prohibiting defendants from violating various securities laws. (*Id.* at 17-18.) On September 15, 2009, the SEC filed a motion for the entry of final judgment against Brown and Jamerica. (Docket No. 397.)

On October 19, 2009, Brown filed a motion to dismiss the action, alleging that the receiver had colluded with the SEC, that the SEC had sabotaged Brown's "efforts to win justice," and that Brown's former counsel had provided "[d]erelict representation." (Notice of Mot. to Dismiss, Docket No. 416.)

On October 28, 2009, the SEC filed a motion to adopt the SEC's calculation of prejudgment interest. (Docket No. 421.) In support of the motion, the SEC submitted an affidavit signed by Jean M. Javorski, an accountant employed at the SEC. (Javorski Aff., Docket No. 424.) Javorski calculated the amount of prejudgment interest on $869,633 from April 1, 2006, through October 31, 2009, to be $226,380.77. (*Id.* ¶ 4.) In calculating that figure, Javorski used the rate used by the Internal Revenue Service for the computation of interest on underpayment of taxes. (*Id.*)

---

[1] The factual and procedural record of this case is detailed in the Magistrate Judge's Reports and Recommendations (Docket Nos. 331, 372, 441, 442) and in this Court's September 30, 2008, and July 20, 2009, Orders, (Docket Nos. 349, 380). The Court here repeats only those details relevant to consideration of Brown's objections currently before the Court.

On December 7, 2009, the Magistrate Judge issued a Report and Recommendation recommending that the Court adopt Javorski's calculation of prejudgment interest and that the Court grant the SEC's motion for entry of judgment. (Report and Recommendation at 2, Docket No. 442.) On the same date, the Magistrate Judge issued another Report and Recommendation, recommending that the Court deny Brown's motion to dismiss, which the Magistrate Judge characterized as a motion to alter or amend judgment. (Docket No. 441.)

On January 6, 2010, Brown filed objections to the Magistrate Judge's "decision of Dec. 7, 2009." (Notice of Objection to Reports and Recommendations Used to Render Decision at 1, Docket No. 445.)

## ANALYSIS

Brown raises five objections to the Reports and Recommendations. First, he argues that the Court did not "render[] due calculation or deliberation of probative factors before arriving at decision(s)." (*Id.*) Second, he argues that the Magistrate Judge "has shown a pattern of rubber stamping all motions and documents presented to the Court by the government." (*Id.*) Third, he argues that the Court has not provided Brown with "notice or opportunity to support/refute claims or counter-claims," citing in particular a stipulation for dismissal of claims against other defendants. (*Id.*) Fourth, he argues that the SEC ignored Brown's discovery requests. (*Id.*) Fifth, he argues that the action is "prejudicial" and "do[es] not reflect the truth as it exists in reality, and [is] not in the best interests of justice." (*Id.*)

Federal Rule of Civil Procedure 72(b)(2) requires a party objecting to a report and recommendation to "file specific written objections to the proposed findings and recommendations." The Court makes a *de novo* determination of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Brown's second, third, fourth, and fifth arguments are improper because they are not specific and because they do not relate directly to the Reports and Recommendations. They appear to be general objections to the proceedings and to previous orders issued in this matter.

The Court finds no error in the Magistrate Judge's recommended calculation of prejudgment interest. Construing Brown's *pro se* objections liberally, the Court concludes that Brown's first objection – that the Court did not "render[] due calculation or deliberation" – is an objection to the Magistrate Judge's recommended calculation of prejudgment interest. Courts frequently allow the party seeking prejudgment interest to suggest a calculation and permit the opposing party to respond with an alternate calculation. *See, e.g.*, *Gordon v. Nw. Airlines, Inc. Long-Term Disability Income Plan*, 606 F. Supp. 2d 1017, 1042 (D. Minn. 2009). When courts order disgorgement of profits stemming from securities violations, courts commonly use the Internal Revenue Service underpayment rate to calculate prejudgment interest, as Javorski did in this case. *See, e.g.*, *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996); *SEC v. Whittemore*, No. 05-869, --- F. Supp. 2d ---, ---, 2010 WL 786247, at *8 (D.D.C. Mar. 9, 2010). Brown does not address Javorski's calculations or provide an alternative calculation. After *de novo* review of the Magistrate Judge's Report and Recommendation

regarding the award of prejudgment interest, the Court finds that the SEC's proposed calculation, as incorporated into the Report and Recommendation, is not erroneous.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** Brown's objections [Docket No. 445], **ADOPTS** the Magistrate Judge's Reports and Recommendations dated December 7, 2009 [Docket Nos. 441, 442]. Therefore, **IT IS HEREBY ORDERED** that (1) SEC's motion to adopt the SEC's calculation of prejudgment interest [Docket No. 421] is **GRANTED**, and (2) Brown's Motion to Dismiss [Docket No. 416] is **DENIED**.

The Court further directs the Clerk of Court to enter final judgment as to defendants Sherwin P. Brown and Jamerica Financial, Inc., as follows:

## I. PERMANENT INJUNCTIONS

**A.     IT IS HEREBY ORDERED** that defendants Sherwin Brown and Jamerica Financial, Inc. ("Jamerica") (collectively, "defendants"), their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing

any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act,15 U.S.C. § 77q(a)(1).

**B.**      **IT IS HEREBY FURTHER ORDERED** that defendants, their officers, affiliates, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of such securities, or obtaining money or property by means of any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in violation of Section 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

**C.**      **IT IS HEREBY FURTHER ORDERED** that defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, in connection

with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    (1)    employing any device, scheme or artifice to defraud;

    (2)    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (3)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**D.**     **IT IS HEREBY FURTHER ORDERED** that defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, by use of the mails or any means of interstate commerce, directly or indirectly:

    (1)    employing any device scheme, or artifice to defraud any client or prospective client;

(2)    engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client;

in violation of Section 206(1) and (2) of the Advisors Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

**E.**    **IT IS HEREBY FURTHER ORDERED** that defendants, their agents, affiliates, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, failing to make and keep true, accurate, and current records in violation of Section 204 of the Advisers Act, 15 U.S.C. § 80b-4, and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2.

## II.    DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS HEREBY FURTHER ORDERED**, that defendants are liable, jointly and severally, for disgorgement of $869,633 together with prejudgment interest of $226,380.77 thereon. Defendants shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Court. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Brown and/or Jamerica as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of each such

payment and letter to the Commission's counsel in this action. Defendants relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III. CIVIL PENALTIES

A. **IT IS HEREBY FURTHER ORDERED**, that defendant Brown shall pay a civil penalty in the amount of $80,000. Brown shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way,

Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Brown as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Brown shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

> **B.** **IT IS HEREBY FURTHER ORDERED**, that defendant Jamerica shall pay a civil penalty in the amount of $400,000. Jamerica shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Jamerica as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Jamerica shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IV.** **IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**V.**     **IT IS HEREBY FURTHER ORDERED** that the SEC's Motion for Entry of Judgment against defendants Sherwin Brown and Jamerica Financial Inc. [Docket No. 397] is **GRANTED**.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby directs the Clerk to enter this Final Judgment.


DATED:  April 30, 2010                               _s/ John M. Tunheim_____
at Minneapolis, Minnesota.                                 JOHN R. TUNHEIM
                                                        United States District Judge